During the year 1904 P. T. Beard was *Page 428 
cultivating a farm in Burnet County, situated on each side of the Houston Texas Central Railroad. His residence was located on the south side, but he cultivated a field on the north side. There was a private crossing of the railroad track by which he passed from his residence to his field. On the occasion in question Beard started from his residence to the field to resume his labor, which was plowing his crop; he was riding one horse and leading another. This was immediately after dinner. It seems that while he was at dinner a section crew employed by the railroad company had stopped a handcar at the crossing referred to, and removed it from the track to permit a train to pass. When he started across the track the crew referred to, in obedience to an order given by the boss or man in charge, picked up the handcar and put it back on the track, and while doing so the jack and bar fell off and rolled down the bank in the direction of Beard. Putting the handcar back on the track also caused its handles to move, and caused some noise. Some or all of these things frightened Beard's horses, and caused the one he was riding to throw him to the ground, thereby producing certain physical injuries. Thereafter Beard brought suit against the railroad company for damages, which resulted in a judgment in his favor for $3,000, and the railroad company has appealed.
The defendant's answer included a general demurrer and special exceptions, a general denial and plea of contributory negligence.
The court instructed the jury as follows:
"1. It devolves upon the plaintiff to establish his cause of action by a preponderance of the credible evidence adduced.
"2. Negligence is the failure to do that which a man of ordinary care would do under the same or similar circumstances, or the doing of that which such a man would not do under the same or similar circumstances.
"3. Ordinary care is such as a man of ordinary prudence would use under the same or similar circumstances.
"4. Contributory negligence is the want of reasonable care on the part of the person injured, which concurs with the negligence of the party inflicting injury, and which proximately contributes to an injury received.
"5. If you find from the evidence in this case that, on the 15th day of April, 1904, the plaintiff approached the crossing of the defendant's railroad, and was guilty of no negligence in so doing, for the purpose of going to his farm, and you further find that defendant's section hands were in the road crossing with a handcar loaded with jack, line-bar and other tools, and that, as plaintiff approached said crossing, defendant's employes seized said handcar and placed it on the track in front of plaintiff's horse, and caused the jack and line-bar on said car to roll down the dump in front of plaintiff's horse, and you further believe that such acts (if any you find occurred) on the part of defendant's employes constituted negligence, as that term has been heretofore defined to you, and you further find that such acts (if any) frightened plaintiff's horse, and caused the same to become uncontrollable, and to suddenly dash away, and to throw plaintiff violently to the ground, and that plaintiff injured thereby, and that such injury (if any there *Page 429 
was) was the direct proximate result of the negligence (if any) of defendant, and was not contributed to by the negligence of the plaintiff, then, should you so find, you will return a verdict for the plaintiff.
"6. You are instructed that it is the duty of every person to use ordinary care to avoid and prevent being injured, and to so act as a person of ordinary care would act under the same or similar circumstances to prevent an injury to his person, and the degree of care required is always proportionate to the degree of danger indicated by the facts and circumstances of the case, or that which might reasonably have been foreseen by a person of ordinary care and prudence, and a failure to exercise such care is negligence.
"7. Now, if you find that plaintiff's horse was frightened, and he was thrown to the ground and injured, as alleged in his petition, by the negligence of defendant's servants or employes, and you should further find that plaintiff was guilty of negligence in approaching said crossing on defendant's railroad track, or should you find he was guilty of negligence in not using ordinary care in approaching said crossing, or was in any manner guilty of negligence which caused or contributed to the injury (if any) received by him, then, if you so find, you will return a verdict for the defendant, although you may also find the defendant guilty of negligence in moving said handcar and causing said tools to fall off and roll down the dump towards plaintiff's horse, if such did, in fact, occur.
"8. If you should find that defendant has been guilty of negligence, and that plaintiff has received such injuries as should entitle him to recover, then you are instructed that plaintiff could only recover for such injuries (if any) as are shown to have been inflicted by defendant's negligence, and you must further find that such negligence, if any, was the proximate cause of plaintiff's injury (if any he received).
"9. By proximate cause, as used herein, means a direct cause, without which the injuries would not have occurred.
"10. In determining as to whether the defendant was guilty of negligence in doing or omitting to do (if they did do or omitted to do) any of the matters or things charged in plaintiff's petition, and as to whether plaintiff was guilty of negligence, as alleged in defendant's answer, you should consider all of the facts and circumstances in the case which throw light upon those questions, taken in connection with the charge of the court, together with such special charges as shall be given you.
"11. Should you find a verdict in favor of the plaintiff, and find that he is permanently injured, then you will fix his damages at such sum as, if paid in hand at this time, would fairly and fully compensate him for such injuries; and in assessing his damages, if any, you may take into consideration such physical pain and suffering, and diminished capacity to labor and earn money (if any), as the evidence may show resulted directly and proximately from the injuries (if any) you may find he has sustained.
"12. If you find a verdict for the defendant you will so state in your verdict.
"13. You are the exclusive judges of the facts proved, of the credibility *Page 430 
of the witnesses and of the weight to be given to the evidence, but you should receive the law of the court as herein given you, together with such special charges as are given, and be governed thereby."
The court also gave the following instructions requested by the defendant:
"2. You are instructed that the defendant, the Houston 
Texas Central Railroad Company, had the right to the use of its track and right of way for the purpose of running its trains and handcars thereon, and had the right to have its handcar standing on said track, and to take off said handcar and to replace it on the track, and it had the right to have and keep its tools on and about said handcar; and you are further instructed that the plaintiff herein is not entitled to recover any damages of defendant which may have been caused him by reason of said handcar's being replaced on the track by the defendant's section men, unless you believe, from a preponderance of the evidence, that said section men were guilty of negligence which directly and proximately caused plaintiff's injuries, if any, in some one or more of the particulars alleged in plaintiff's petition.
"3. You are instructed that, if you believe from the evidence that a man of ordinary prudence, under all the circumstances which surrounded the plaintiff at the time and place of the alleged accident to him, would not have ridden his horse up to and near defendant's handcar without a saddle, and with only one line to guide and restrain said horse, and if you further believe that plaintiff's action, under all the circumstances of the case, in riding his horse within the distance of said handcar that he did ride the same, without a saddle and with only one line to guide and restrain said horse, directly and proximately contributed to causing his alleged accident, then you will return a verdict in favor of the defendant.
"4. You are instructed that, if you believe from the evidence that the plaintiff, with knowledge that defendant's handcar had been set off the track, and with knowledge, or means of knowledge, that said handcar was about to be replaced on said track, rode his horse up to and near said handcar, plaintiff knowing, and having means of knowing, by the exercise of reasonable care, as to whether or not said horse would probably take fright at said handcar, and that a man of ordinary prudence, under the same or similar circumstances, would not have ridden said horse up to and near said handcar, and that said act, if any, on plaintiff's part, was negligence, and directly and proximately contributed to causing plaintiff's alleged accident, then you will return a verdict in favor of the defendant."
Opinion. — The first two assignments of error relate to the action of the court in overruling exceptions to the plaintiff's petition, the first contention being that the petition contains no averments of negligence on the part of the defendant, because it fails to show that the defendant owed the plaintiff any duty in regard to the matters complained of; and the second contention is that the averments of negligence in stopping the handcar upon the crossing, in carrying tools thereon and in replacing it upon the track, were insufficient to constitute negligence *Page 431 
of which the plaintiff could complain; and that the allegations in regard to negligently permitting the tools to fall from the handcar while replacing it upon the track, are too vague and indefinite. We overrule these objections and hold that the plaintiff was entitled to allege and prove all the facts referred to in order for the jury to determine whether or not the acts which caused the plaintiff's animals to take fright constituted negligence, and that the petition was so framed as to meet all reasonable requirements of good pleading. (Railway Co. v. Bridges, 16 Texas Civ. App. 67[16 Tex. Civ. App. 67].)
There are several assignments addressed to the charge of the court and to the refusal of requested instructions. Considering all of the instructions that were given, those prepared by the defendant's counsel as well as those prepared by the court, we think the case was submitted to the jury with reasonable accuracy and with entire fairness to the defendant.
There are several assignments which assail the verdict of the jury, some contending that it is without evidence to support it, and others that it is against the great preponderance of the testimony, is excessive, outrageous and unconscionable. The record does not sustain these assignments. The verdict of the jury is predicated upon findings to the effect that the defendant was guilty of negligence; that the plaintiff was not guilty of contributory negligence, and that as a direct result of the negligence complained of, he sustained serious injuries, for which the amount allowed by the verdict is not excessive compensation; and there was testimony before the jury which supports these findings.
All other assignments have been considered, but finding no reversible error, the judgment is affirmed.
Affirmed.
Writ of error refused.