## J. W. Johnson v. Texas & Gulf Railway Company.

Decided January 30, 1907.

**1.—Discovered Peril—Public Highway—Frightened Horse.**

Plaintiff's wife was driving along a public road on defendant's right of way within 15 to 25 feet of the railroad track and parallel thereto when her horse became frightened at a train approaching from behind, and ran away, throwing out the occupants of the buggy and injuring plaintiff's wife. Held, the doctrine of discovered peril would apply, and it was the duty of defendant's employes when the peril became apparent not only to exercise ordinary care, but to do everything consistent with the safety of their train to stop the train or decrease its speed, and thus avoid increasing the fright of the horse.

**2.—Same—Degrees of Care—Charges.**

Where it appears that two charges were requested by the plaintiff, in one of which the jury are instructed that it was the duty of the defendant, under the circumstances in evidence, to use the highest degree of care and in the other, to use only ordinary care, the first of which was refused and the other given, it will be presumed that the charge prescribing the more lenient rule was not requested until the other had been refused, and the plaintiff will not be held responsible for the error of the court in giving the more lenient rule, although he requested the same when the more stringent one was proper.

**3.—Traveler on Highway—Duty of Railroads—Case Criticised.**

It is the duty of those operating railroad trains to keep a lookout for the safety of persons traveling adjacent highways, and a failure to exercise ordinary care in this respect would render the company liable for proximately resulting injury. Missouri, K. & T. Ry. Co. v. Bellew, 62 S. W. Rep., 99, criticised.

**4.—Discovered Peril—Contributory Negligence.**

The duty to use the highest degree of care to avoid injury in case of discovered peril only arises upon actual knowledge of the peril, and not upon such knowledge as might have been had by the exercise of proper care. In a case of negligent injury after discovered peril contributory negligence is no defense.

**5.—Public Road on Right of Way.**

Where a railroad company permits its right of way to be used as a public road for a number of years, and persons traveling thereon are injured by the negligence of the company, it can not defend on the ground that the persons so injured were trespassers.

**6.—Failure to Ring Bell or Blow Whistle—Negligence per se.**

The duty on the part of railroad companies to ring the bell or blow the whistle when approaching a public crossing is prescribed by statute, and a failure to observe this duty is negligence per se in case of accident.

**7.—Theories of Defense and Liability—Charge.**

It is error for the court in submitting certain theories of the evidence on which the defendant would not be liable to ignore other theories on which the defendant would be liable, notwithstanding the finding of the jury for the defendant on the theories submitted.

**8.—Use of Senses—Charge.**

Upon an issue of contributory negligence, in a suit for personal injuries, it was error for the court to charge the jury that it was the duty of the injured person to use her senses in ascertaining the approach of the train which caused her injuries. A charge should be so worded and framed that an ordinary jury would not probably misconstrue it.

**9.—Unsafe Horse—Contributory Negligence.**

In a suit for personal injuries caused by a horse becoming frightened at an approaching train, on the issue of contributory negligence it was proper to admit testimony tending to show that the horse driven by the injured person near defendant's railroad on the occasion in question was afraid of railroad trains, and the injured person knew it.

**10.—Charge—Repetition of Issue.**

It is improper for the court in its charge to repeat an issue so often as to give the same undue prominence.

**11.—Lengthy Briefs—Rule 35.**

The growing disposition to extend briefs beyond reasonable limits by unnecessary multiplicity and repetition of assignments and propositions, is deprecated, and attention is called to rule 35 for preparation of cases on appeal.

Appeal from the District Court of Gregg County. Tried below before Hon. Richard B. Levy.

*Gaines B. Turner,* for appellant.

*Young & Stinchcomb,* for appellee.—There being no testimony showing that the train could have been stopped after the fireman saw the peril of the plaintiff's wife, and a part of the testimony showing that ordinary care would have dictated that no attempt be made by the operatives of the engine to check its speed, it was the court's duty to submit the question to the jury as to whether or not, by ordinary care, the operatives of the engine could have slackened the speed or lessened the noise, as was done by giving appellant's and appellee's special

charges. Gulf, C. & S. F. Ry. v. Smith, 87 Texas, 357; International & G. N. Ry. v. Yarbrough, 39 S. W. Rep., 1096; Gulf, C. & S. F. Ry. v. Brown, 76 S. W. Rep., 794-796; Missouri, K. & T. Ry. v. Weatherford, 62 S. W. Rep., 101; Kroeger v. Texas & Pac. Ry., 69 S. W. Rep., 809; Wilmurth v. Illinois Cent. Ry., 76 S. W. Rep., 193, 194.

It is not the duty of the operatives of an engine to lookout for persons on a road parallel with the railroad track to prevent injury by their horses becoming frightened. Gulf, C. & S. F. Ry. v. Hord, 87 S. W. Rep., 848; Hargis v. St. Louis, A. & T. Ry., 75 Texas, 19; San Antonio & A. P. Ry. v. Belt, 59 S. W. Rep., 607; Houston & T. C. Ry. v. Carruth, 50 S. W. Rep., 1036; O'Dair v. Missouri, K. & T. Ry., 38 S. W. Rep., 242; Texas & Pac. Ry. v. Kennedy, 69 S. W. Rep., 227; Texas & Pac. Ry. v. Hamilton, 66 S. W. Rep., 797; Beaumont Pasture Co. v. Sabine & E. T. Ry., 41 S. W. Rep., 190; Louisville & N. R. Co. v. Smith, 15 Am. & Eng. R. Cases, 613 (new ed.); Lamb v. Old Colony, etc., Ry. Co., 54 Am. Rep., 449.

The portion of the charge complained of taken in connection with other parts of the court's main charge, clearly shows that it was the intention of the court to leave the question to the jury as to whether or not the plaintiff's wife failed to use her senses in ascertaining the presence or approach of the train, and whether or not such failure was negligence. Riviere v. Missouri, K. & T. Ry., 40 S. W. Rep., 1074; Gulf, C. & S. F. Ry. v. Scott, 27 S. W. Rep., 827; Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 167; St. Louis, S. W. Ry. v. Casseday, 50 S. W. Rep., 125; Amory Mfg. Co. v. Gulf, C. & S. F. Ry. Co., 37 S. W. Rep., 856.

REESE, Associate Justice.—In this case appellant, plaintiff in the court below, sued the Texas & Gulf Railway Company to recover damages for personal injuries to his wife occasioned by the horse she was driving taking fright at a locomotive and train on defendant's railway and running away, with the result that Mrs. Johnson was thrown from the buggy and injured. It is alleged that the fright of the horse and consequent results were due to the negligence of defendant, its agents and servants.

Defendants pleaded general demurrer, general denial and contributory negligence on the part of Mrs. Johnson.

Upon trial before a jury there was verdict for defendant from which plaintiff appeals.

At the time of the accident in question Mrs. Johnson, her mother, and her two little girls were traveling in a buggy drawn by one horse south from Longview along the public road running parallel with appellee's railway. Just after leaving Longview going south this public road strikes in near the railroad and thence runs alongside the railroad and near the track for a half mile or more, when it turns to the east, crosses the track nearly at right angles and continues south along the railroad for a little more than a thousand feet, when it turns to the east, leaving the railroad. The road, from the crossing to where it leaves the railroad going south, runs from 15 to 25 feet from the railroad track, and on the right of way. There is also a barbed wire fence the whole distance, a few feet away, the road running between the rail-

road track and this fence.  At the time of the accident Mrs. Johnson
was going south from Longview along the public road.  She drove
across the railroad at the crossing in question and just as she got on the
crossing or just as she was getting across, she saw, coming south, an
engine drawing a train of cars, the engine being about 800 feet away.
Immediately after crossing the track her horse, seeming to take fright
from the coming engine and train, began to run.  He almost im-
mediately got beyond her control and increased his speed.  At a point
1,000 feet from the crossing and just before reaching the point where
the road turned to the left away from the railroad, the engine and train
caught up with the horse and just as they came opposite him he swerved
suddenly to the left and ran the wheels of the buggy upon an embank-
ment by the side of the road, throwing all of the occupants of the buggy
out, and injuring Mrs. Johnson.

The engineer handling the train testifies that he did not see the par-
ties when they crossed the track, and knew nothing of their presence on
the roadway until told by the fireman, after the accident had occurred.
The fireman testified that he saw them when they crossed the track, the
engine being then about 800 feet from the crossing; that he saw the
horse when he began to run, and noticed that he was running pretty
fast, but did not think he was beyond control of the driver or running
away.  He saw a hat of one of the occupants of the buggy and some
bundles lying in the road, but did not know that the horse was running
away or that the parties were in any danger until they were about 200
feet from where they were thrown out of the buggy.  At this time he
testified that it would have been impossible for those in charge of the
engine to have done anything to avert the accident.  The engine was
pulling about fifteen cars, running down grade, at a speed of about 18
to 20 miles an hour.

Appellant presents at great length thirty-five assignments of error.
We shall not attempt to discuss them all, but, as the judgment is to
be reversed and the cause remanded, only such of them as may be
necessary for the guidance of the court upon another trial.

By the fourth assignment of error appellant complains of the action
of the court in refusing special charge No. 9 requested by him, which
is as follows:

"You are instructed that if you believe from the evidence that plain-
tiff's wife was guilty of contributory negligence, yet if you further be-
lieve that the employes in charge of the engine saw plaintiff's wife's
danger in time to have stopped the train, lessened the speed, stopped the
noise or lessened the same, or to have done anything in their power con-
sistent with the safety of their own train, and you believe from the evi-
dence that they failed to do this, and you believe that this was the cause
of the injury, then the proximate cause of the injury would be such
failure on their part, and plaintiff would be entitled to recover."

We think this charge should have been given.  In our opinion the
ordinary doctrine as to the duty of those in charge of a moving loco-
motive and train, in case of the discovery of the peril of a person on the
track, as announced in the case of Texas & Pac. Ry. v. Breadow (90
Texas, 26) as to the measure of defendant's duty in case of discovered
peril, would apply to the present case. . The appellant's wife was driv-

ing along a roadway parallel to the railroad track, and at a distance therefrom varying from 15 to 25 feet, with a wire fence a few feet away on the opposite side. Her actual peril when known to those in charge of the engine imposed upon them the duty, not only to exercise ordinary care to avert the danger, but to do everything in their power, consistent with the safety of the train and those upon it, to stop the train or decrease the speed, and thus avoid the danger of increasing the fright of the horse by running upon him in his frightened condition. Neither in plaintiff's requested charge No. 10 given by the court, nor in the general charge is the jury instructed that this duty was imposed upon those in charge of the engine when the actual peril of Mrs. Johnson was discovered, but on the contrary the jury are told that in such case only ordinary care was to be used by those in charge of the train. It is true that this is the measure of duty imposed by appellant's requested charge No. 10 given by the court, but this charge was requested presumably after the court had refused requested charge No. 9 announcing a different and, we think, a proper rule as to their duty. The requested charges Nos. 1, 2 and 5, referred to in the first, second and third assignments of error were properly refused.

The trial court instructed the jury, in substance, that it was not the duty of those in charge of the engine to keep a lookout for persons travelling on the parallel roadway, as was plaintiff's wife, under any circumstances. In the case of Missouri, K. & T. Ry. Co. v. Bellew, decided by this court (62 S. W. Rep., 99) following the opinion of the Court of Civil Appeals in the Second District in the same case on a former appeal (54 S. W. Rep., 1079) it was held that under the facts of that case it was the duty of the engineer to keep a lookout for the safety of those on the highway, and a failure to exercise ordinary care in that respect would render the company liable for proximately resultant injury. It is true that this court, in its opinion, seems not entirely to agree to the soundness of this doctrine, and to follow it because of the previous ruling in the same case by the court in the Second District. Nevertheless it did overrule the assignment of error presenting the point, on the part of the defendant, and affirmed the judgment of the trial court, and a writ of error was denied by the Supreme Court. The facts of the present case bring it precisely within the doctrine of the Bellew case. The circumstances are in all material particulars identical. The roadway in that case was upon the right of way and within 10 or 15 feet of the railroad track. In the present case the roadway was in 15 to 25 feet of the track and on the right of way. The difference in the distance is not material as affecting the danger of a person driving on the roadway, from the fright of the horse caused by the approach of the engine, nor would the duty to keep a lookout for such persons be more onerous upon those in charge of the engine in this case than in the Bellew case. We think the charge of the court that a railroad company is not required to keep watch for people having no business with the company, riding in vehicles near its track, as applicable to the facts of this case, was error. We do not agree that the rule which seems to be so broadly announced in the Bellew case is sound. There may be cases when, on account of the close proximity of the roadway to the track of the railway, danger to persons using the roadway would

be so likely to occur, from fright of teams or other like causes, as that ordinary care would require the operatives of the train to keep a lookout for such dangers, but this would be a matter for the jury to determine upon the same principles as they would determine as to the duty of the railway company to keep a flagman at a public crossing. (Missouri, K. & T. Ry. v. Magee, 92 Texas, 620.)

In the present case we think that the jury should have been instructed, in substance, that if the circumstances were such as to require the engineer, in the exercise of ordinary care, to keep a lookout for danger to persons circumstanced as appellant's wife was, and he failed to do so, and the accident was the proximate consequence of such failure, plaintiff would be entitled to recover, unless she was guilty of contributory negligence precluding such recovery. This, however, is distinct from the doctrine of discovered peril and the duty resting upon those in charge of the engine in such case. This duty only arises upon actual knowledge of such peril, and not upon such knowledge as might have been had if a proper lookout had been kept and in such case of actual knowledge contributory negligence is no defense. The doctrine of "discovered peril" is rather for the protection of persons who are themselves guilty of negligence contributing to their injury, but who can not for that reason be barred of recovery, if such injury can be avoided after their peril is actually discovered. The point here presented arises on several assignments of error based upon the charge of the court and the refusal of requested charges, and what we have said disposes of all of such assignments.

We do not think that the fact that the roadway was upon the right of way is material. It was a public road, treated as such by the general public and by appellee and had been for a number of years. The reciprocal rights and duties of the public and the railway company were not affected by the fact that it was upon the right of way. The proximity of the track might affect the obligations of both upon a question of the exercise of proper care. Nor do we think that the fact that a clump of trees had been allowed to grow up on the right of way near the crossing, which might have obstructed the view of the railway in approaching the crossing, as contended by appellant, material. Neither Mrs. Johnson nor her mother, according to their own testimony, looked up the track or made any attempt to discover whether a train was in sight, before going upon the crossing, and it appears that the presence of the trees did not in any way operate as a contributing cause to the accident.

It was error to charge the jury that if those in charge of the engine "*negligently*" failed to ring the bell or blow the whistle as was their duty under the law" and the failure was the proximate cause of the accident, the plaintiff was entitled to recover. This charge must be understood as leaving it to the jury to determine whether such failure to give the statutory signals for the crossing was negligence or not. If there was such failure, and it was the proximate cause of the accident, it was negligence *per se.* This portion of the court's charge, which is made the basis of the twentieth assignment of error, is further objectionable as it instructs the jury that if they do not find that there was such negligent failure to ring the bell they will find for defendant. This leaves out of the question altogether the right of the plaintiff to recover upon

the issue of discovered peril. In this connection, for the benefit of the trial court upon another trial, it may be remarked that the objection appears to be well taken to other parts of the court's charge that in presenting the theories of the evidence upon which the defendant would be entitled to a verdict, this issue of appellant's right to recover upon the issue of discovered peril is not regarded.

It was error for the court to instruct the jury, upon the issue of contributory negligence of plaintiff's wife, that it was her duty to use her senses in ascertaining the approach of the train, as set out in appellant's thirteenth assignment of error. It is true that a jury of lawyers critically analyzing this part of the charge would probably conclude that by coupling that portion referred to with the duty to exercise ordinary care, only such duty was intended to be required, but we do not think the ordinary jury would so construe it, but would rather understand that it was incumbent upon plaintiff's wife, in the exercise of ordinary care "to use her senses in ascertaining the approach of the train." Inasmuch as plaintiff's wife had testified that she did not look for the train before going across the track, and the jury are told in this charge that if she "failed to use her senses" whether such failure contributed to the injury or not, she could not recover, the error in the charge may have been most prejudicial to appellant. In another portion of the charge the jury are told that the duty of plaintiff's wife in driving across the track was only to use ordinary care, but this did not relieve the error referred to. The failure "to use her senses" to ascertain the approach of the train was not negligence as matter of law. (Houston & T. C. Ry. v. Wilson, 60 Texas, 144; Missouri Pac. Ry. v. Lee, 70 Texas, 501.)

It was not error for the court to admit the testimony of the witness Cole as to the temperament of the horse, and that he was afraid of railroad trains. It was in testimony that just before reaching the crossing on the day of the accident a train came by where plaintiff was, coming from the south, that all of the persons got out of the buggy and a gentleman who was present undertook to hold the horse. This gentleman and another testified that the horse became very much frightened as the train approached and was only held with great difficulty. This was denied by Mrs. Johnson and her mother. If the other witnesses were telling the truth about the actions of the horse, which were in Mrs. Johnson's immediate view, it affected her directly with knowledge that the horse was not safe and gentle under such circumstances and may have had some bearing upon the issue of contributory negligence. In this view the testimony of Cole as to the temperament of the horse was admissible as corroborative of the testimony of Key and Hudgins as to his behavior when the train came by.

It is objected by appellant, and we think the charge of the court presents probably some ground for the objection, that the issue of contributory negligence on the part of plaintiff's wife is so often repeated as to unduly impress the jury. While we would not reverse the judgment upon this ground we deem it proper to call the attention of the trial court to the objection made in view of another trial.

What we have said disposes substantially of the material issues presented by the appeal. Many of the errors assigned are without merit,

and except insofar as they are sustained by what has been said they are overruled.

The case is presented here for appellants in a brief of 149 pages and a printed argument of 75 pages. In the brief there is an unnecessary multiplicity and repetition of assignments of error and propositions, tending rather to confuse than to elucidate the issues involved. We must in justice to other litigants, the hearing of whose appeals is thus needlessly delayed by the consumption of time required to examine such briefs, deprecate the growing disposition to extend beyond reasonable limits the briefs in appealed cases. More attention should be paid to rule 35 for preparation of cases on appeal.

For the errors indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.