### INTERNATIONAL & G. N. RY. CO. v. VOGEL. (No. 5564.)

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1916. Rehearing Denied March 1, 1916.)

1. RAILROADS ⊂⊃407—INJURIES TO ANIMALS NEAR TRACKS—REPAIRS.

While a railroad company is not liable for damages occasioned by animals becoming frightened from the repairs being made at a cattle guard alongside a public road, it is liable when its servants, notwithstanding the animals showed fright, continued to push a hand car towards them.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1402, 1403; Dec. Dig. ⊂⊃407.]

2. RAILROADS ⊂⊃446(12)—INJURIES TO ANIMALS NEAR TRACKS—ACTIONS—JURY QUESTION.

In an action for injuries to horses being driven along a road, which were hurt in crossing a cattle guard, the question whether the owner was guilty of contributory negligence in driving them loose *held* for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1639; Dec. Dig. ⊂⊃446(12).]

3. APPEAL AND ERROR ⊂⊃1003 — REVIEW — VERDICT.

On appeal a verdict cannot be disturbed because against the greater preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. ⊂⊃1003.]

4. TRIAL ⊂⊃251(3) — INSTRUCTIONS — PLEADING.

Where contributory negligence of plaintiff was not pleaded, the matter should not be submitted in the charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 590; Dec. Dig. ⊂⊃251(3).]

5. APPEAL AND ERROR ⊂⊃1068(5)—HARMLESS ERROR—INSTRUCTIONS—REFUSAL.

Where it was claimed that plaintiff's horses, which were being driven along a road near a railroad crossing, were frightened by employés of the company, and, running across a cattle guard, received injuries, and under the instructions the jury could not have found against defendant unless its employés were near the road

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pushing a hand car, the refusal of a charge that if defendant's employés were not near the road there could be no recovery was not error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4230; Dec. Dig. ⊕ 1068(5).]

6. RAILROADS ⊕439(4) — INJURIES TO ANIMALS ON TRACKS—PLEADING—SUFFICIENCY.

Where the petition alleged that a railroad company's employés were operating a hand car near a crossing, that from the point where they were working they might, by the exercise of reasonable care, have seen plaintiff's horses approaching the crossing, and that, though the horses took fright, they continued to push the car towards them, it raised the issue of discovered peril.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1562; Dec. Dig. ⊕439(4).]

7. RAILROADS ⊕446(8) — INJURIES TO ANIMALS ·ON TRACKS — DEFECTIVE CATTLE GUARD.

As a railroad company is bound, under Rev. St. 1911, arts. 6596–6600, to erect proper cattle guards, the question whether cattle guards over which plaintiff's horses passed were sufficient to turn animals, it being contended that the horses were frightened and ran upon the cattle guard, the first one getting past and the others not doing so, was properly submitted to the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1635; Dec. Dig. ⊕446(8).]

8. RAILROADS ⊕440—INJURY TO ANIMALS— PROOF—VARIANCE.

Where the petition averred that plaintiff's horses being driven down the road were frightened by the operation of a hand car, proof that the car was technically a push car which was being shoved by the railroad company's servants does not constitute a variance.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1570–1574; Dec. Dig. ⊕440.]

9. APPEAL AND ERROR ⊕742(4) — ASSIGNMENTS OF ERROR—STATEMENT.

Under an assignment complaining that in an action for injuries to horses which took fright and ran over a cattle guard the court erred in admitting evidence as to the operation of a railroad push car in the vicinity, a statement concerning evidence showing that the railroad company's employés were making some noise working on the cattle guard is not germane to the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⊕742(4).]

Appeal from District Court, Comal County; Frank F. Roberts, Judge.

Action by Albert Vogel against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Fisher & Fisher and Robt. L. Thompson, all of Austin, for appellant. Henne & Fuchs, of New Braunfels, for appellee.

JENKINS, J. Appellee was the owner of some horses that were not broken to harness or the saddle, but otherwise were not wild. He sent them in the care of two negroes to water, one of the negroes was riding and was leading a mare which the other horses followed, and the other negro was in the rear driving them. The road in which the horses were crossed the track of appellant's railway. Appellant's employés were repairing a cattle guard on the south side of the road. In passing this place the horses became frightened and ran across the cattle guard on the north side of the road and were injured by spikes in the rails of the cattle guard. The grounds of negligence alleged were the improper condition of the cattle guard and that appellant's employés by pushing a hand car towards the horses, frightened them, and that they continued to push said car after they discovered the presence of the horses, and that they had become frightened.

[1] Appellant's first proposition under its first assignment of error is that the court erred in refusing to peremptorily instruct a verdict for appellant, because there was no evidence that its employés engaged in repairing the cattle guard alongside a public road were doing so in an unusual and extraordinary manner, or that they were making any unusual or extraordinary noise while doing so. It is not alleged that the injury occurred by reason of any unusual noise being made in repairing the road, but by reason of the horses becoming frightened at the operation of a hand car. It is true that a railroad company has a legal right to repair its roadbed, and that it is not liable for damages occasioned by animals becoming frightened thereby, when the same is done in the usual and ordinary manner, unless the employés knew, or had reasonable grounds for believing that their acts would have such effect. Pasture Co. v. Railway Co., 41 S. W. 190; Railway Co. v. Graham, 46 Tex. Civ. App. 98, 101 S. W. 847. Appellee alleged that the fact that the horses had become frightened was discovered by appellant's employés, notwithstanding which they continued to push the hand car towards the horses. The evidence was sufficient to require this issue to be submitted to the jury; hence the court did not err in refusing to peremptorily instruct a verdict for appellant.

[2] Appellant submits the further proposition under its first assignment of error that the court should have instructed a verdict for it, because the evidence shows that the animals were injured by reason of their "becoming wild and unmanageable through fright or excitement"; and also that it was contributory negligence on the part of appellee to have such animals driven along the road. The allegation of appellee is that such animals became "wild and unmanageable through fright on account of the negligent acts of appellant." The evidence is not such as that we can say, as a matter of law, that it was negligence in appellee to have said horses driven along said road in the manner in which he did. On the contrary, the ·evidence shows, as is necessarily implied from the finding of the jury, that appellee was not negligent in this regard. The second assignment of error also relates to the refusal of the court to peremptorily instruct a verdict

for appellant, and is overruled for the reasons above stated.

[3] The third assignment is that the court erred in refusing to grant a new trial, because the verdict is against the "greater preponderance of the evidence." If this is true it affords no ground for reversal by this court.

The fourth assignment is that the court should have granted a new trial because:

"There was no evidence from which the jury could infer that plaintiff's horses were caused to be frightened and thereby sustain injury as the proximate result of the presence and negligent operation of a hand car; but, on the contrary, the evidence indisputably shows that if plaintiff's horses sustained any damage, the same was directly and proximately due to their fixed propensities and not to any acts attributable to the defendant."

What we have said in a previous portion of this opinion disposes of this assignment.

[4] The fifth assignment of error is as to the refusal of the court to submit a requested charge on contributory negligence. Contributory negligence was not pleaded by appellant. The only negligence on the part of appellee suggested by the evidence is in appellee's servants driving the horses back over the cattle guard.

[5] The court, at the instance of appellant, gave the following special charge:

"In this case you are charged that if from the evidence you find that plaintiff's employés drove or caused to be driven plaintiff's horses across the cattle guard, and such acts, if any, produced injuries from which said horses or some of them died as the direct and proximate result, you will return a verdict for defendant, regardless of every other issue which may be submitted to you."

The sixth assignment of error is as to the refusal of the court to give special charge No. 10, as follows:

"In this case you are charged that if from the evidence you find that defendant's servants and employés were not present at or near the crossing at the time plaintiff's horses came thereon, you will return a verdict for defendant, regardless of every other issue that may be submitted to you."

Appellant's testimony was to the effect that its employés had left the cattle guard and were some 500 yards distant therefrom when the horses ran across the same. Under the charge of the court the jury could not have found for appellee without finding that this was not true, but that appellant's employés did as alleged, and they could not have done so without being at or near the cattle guard. Hence we overrule said assignment.

[6] The seventh, eighth, and ninth assignments of error relate to the issue of discovered peril. Appellee alleged that appellant's employés—

"were operating a hand car on the south side of the crossing, and that defendant's servants from the point where they were working and pushing said car, as alleged above, could see, and by the use of reasonable care could have seen and actually did see, the horses of plaintiff as they were approaching said crossing."

The testimony upon the part of appellee sustains this allegation; and the charge of the court having fairly submitted this issue to the jury, the assignments above referred to are overruled. Railway Co. v. Belew, 22 Tex. Civ. App. 264, 54 S. W. 1079; Railway Co. v. Beard, 42 Tex. Civ. App. 427, 93 S. W. 532; Johnson v. Railway Co., 45 Tex. Civ. App. 146, 100 S. W. 206.

The tenth assignment is based upon the proposition that there was no evidence raising the issue of discovered peril which, as above stated, is not sustained by the record.

[7] The eleventh assignment of error complains of the action of the court in giving special instruction No. 1, to the effect that if "the cattle guard over which said horses did run was defective, or was so constructed that it would not turn horses and cattle of ordinary disposition and docility," etc. The evidence shows that the cattle guard had spikes down the center, but that upon each side there was a space without spikes, wide enough for a horse to cross without injury. The evidence indicates that the first horse to cross did so without injury, but that others attempting to follow crowded each other and were forced upon the spikes. The statute requires railroad companies to erect proper cattle guards, and failure to do so renders a railroad company liable for all injuries approximately caused by such failure. Arts. 6596–6600, Rev. Stat.; Saine v. Railway Co., 85 S. W. 487. It was proper under the allegations and evidence in this case to submit to the jury the issue as to whether or not the cattle guard was properly constructed, and, if not, whether the failure to so construct the same was the proximate cause of the injury.

[8] Appellant insists that the evidence is insufficient in this case to require the submission of the issue as to the horses being frightened by the operation of a "hand car," for the reason that the evidence shows that the car being operated by appellant's employés was a push car. Technically speaking, a push car and a hand car are different cars. If this had been a suit upon a contract to furnish a hand car, and the evidence had shown that a push car had been furnished, the variance would have been fatal; but we do not think in a case of this kind the technical definitions "hand car" or "push car" are material. The object of pleading is to notify the opposite party of the facts expected to be proven. In this connection it is evident that testimony would be offered to show that a car was being operated by hand near the cattle guard in such a manner as to frighten appellee's horses. The evidence shows that this was in fact a "push car," and was being pushed along the track by appellant's employés. It was in one sense a hand car, in that it was operated by hand, and we do not think that appellant could have been misled by the allegation that it was a hand car.

[9] The statement under appellant's thirteenth assignment of error is a copy of the bill of exception as to the testimony showing that the appellant's employés were making some noise in working on the cattle guard. The assignment is:

"The court erred in admitting over the objections and exceptions of defendant evidence as to the operation and movement of a push car at or in the vicinity where plaintiff's horses are alleged to have taken fright."

The statement has no application to the assignment.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

---

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes