## KRAUS v. THE B., C. R. & N. R. Co.

1. **Evidence:** MATTERS OF COMMON EXPERIENCE. A party is not re-quired to introduce proof of matters of which the jury may be presumed to know as much as any witness.

2. **Railroads:** INJURY TO STOCK: NEGLIGENCE. Where stock is injured on a railroad which is unfenced, it is a question for the jury' whether or not the injury was caused by the negligence of the railroad company. It is not necessary that stock should have been struck by a train to author-ize a recovery under the statute.

*Appeal from Linn District Court*

THURSDAY, DECEMBER 16.

PLAINTIFF claims a mare belonging to him was greatly injured by a train on defendant's road, and this action was brought to recover damages therefor. Trial by jury. Ver-dict and judgment for the plaintiff, and defendant appeals.

*J. & S. K. Tracy,* for appellant.

*J. C. Davis,* for appellee.

SEEVERS, J.—For the purposes of this appeal, it must be conceded the defendant's road was not fenced, and by reason thereof the plaintiff's mare got on the track, and being fright-ened by a train, ran along the track in front of it until she came to a bridge forming a part of the road, in attempting to cross which she was greatly injured, without having been struck by the train.

I.   The court gave the jury the following instruction:

"3.   Upon the question as to what was the direct or prox-imate cause of said injury, you are instructed that you will consider all the evidence before you as to the situation and condition of defendant's railroad track at and near and adja-cent to the place where said injuries occurred; you will also consider the hight of said track at and near said place, in

relation to the lands on either side. You will consider the condition of the defendant's right of way on either side of the defendant's road bed, at and near where said injury occurred, and whether there were natural or artificial means of egress for animals from said track, where said mare and colt were after defendant's train came in sight; and you will also consider the acts and conduct of defendant's agents in the management and control of the train that it is alleged was the cause of said injury, and the distance said train was from said animals from the time they were discerned on the track until the injury occurred; and in view of all the facts and circumstances in evidence, you will determine whether defendant's train was the direct cause of the injuries complained of or not. If, under the circumstances in evidence, it was natural for said mare and colt to take and follow said track, then the approaching train may be presumed to be the direct cause of the injuries, and defendant is liable; but if under such circumstances it was natural for said mare and colt to leave said track, then the defendant is not liable, and your verdict should be for it."

This instruction is said to be erroneous, because "there was no evidence of what would be the natural conduct of such an animal under the circumstances, * * *. The jury were given the right, without evidence, to supply by their conclusion what the testimony had thus left wholly untouched." A party is not required to prove that which is equally within the ordinary observation of all men. It would not have been proper to have introduced the evidence of an expert, for the reason the jury must be presumed to have had as much knowledge on the subject as any one else.

1. EVIDENCE: matters of common experience.

II. The defendant asked the court to instruct the jury that "if the railroad track run through a plat of country from the point where the mare in question came upon the track and could have escaped from the track just as well as not, but instead of doing so she ran

2. RAILROADS: injury to stock: negligence.

along upon the track, jumped into the bridge, and was injured without collision with the railroad train or locomotive drawn by it, then there can be no recovery in this action."

It was held in *Young v. St. L., K. C. & N. R. Co.*, 44 Iowa, 172, that under the statute there could be a recovery although the animal was not, in fact, struck by a train. This being so, it was for the jury to say whether or not the injuries were caused by the defendant's negligence. This was fully and fairly submitted to the jury in the instruction above quoted. We are not prepared to say the defendant can escape a result caused by its negligence in failing to fence, by setting up the want of intelligence, or the negligence, of the animal injured, nor are we prepared to say, as a matter of law, that the plaintiff cannot recover if the facts were as stated in the instruction refused. Whether the evidence was sufficient to warrant the verdict is not before us.

AFFIRMED.