'No. 2384.

### International & Great Northern Railroad Company *v.* W. P. Hughes.

1. Damages—Railway Company—Statutes Construed.—The Revised Statutes (Article 4245) fixing the liability of railway companies, for stock killed or injured by their locomotives and cars running over their tracks, do not apply to a case where animals are injured, not by actual collision with a locomotive or car, but through fright caused by the train. The statutes of Illinois, Missouri, Indiana, Kansas and Iowa, containing provisions regarding injury to cattle, by railways, and the decisions under them, reviewed.

APPEAL from Medina.    Tried below before the Hon. T. M. Paschal.

*Elias Edmonds,* for appellant, cited Schertz v. Indianapolis, etc., Railroad Company, 15 American and English Railway Cases, page 523, and authorities there cited; Holder v. Chicago, St. Louis & New Orleans Railroad Company, 11 Tennessee, 176; Seibert v. Missouri, etc., Railroad Company, 72 Missouri, 565; Croy v. Louisville, etc., Railway Company, 19 American and English Railway Cases, page 608, and authorities cited in note on page 610.

*Price & Meriwether,* for appellee, cited 2 Willson's Court of Appeals Reports, 203, and authorities there cited; Id., 373 and 447; 61 Texas, 205.

STAYTON, ASSOCIATE JUSTICE.    The evidence was conflicting as to whether the animal belonging to the appellee was injured by actual contact with the locomotive on appellant's railway, but there was sufficient evidence to justify the submission of the question to the jury, as was correctly done by the first paragraph of the charge given.

The jury would, however, have been authorized to find from the evidence that there was no contact between the animal and the train, and that the animal, through fright, ran upon the trestle and was thus wounded.

The appellant asked an instruction to the effect that the appellee was not entitled to recover unless his animal was struck by the engine or cars, and this instruction was qualified by the following words:  "Unless you further believe, as before instructed, that she was forced by defendant's train to jump upon the trestle work, and thereby injured herself so as to necessitate her killing," and then given.

The second paragraph of the charge given was as follows: "If you believe from the evidence that the mare was not run upon and killed by the train, or if you believe that the killing was not caused by defendant's train forcing the animal on the track and upon the trestle work, you will find for the defendant."  It is urged that the giving of this paragraph of the charge and the qualification made to the charge asked were erroneous.

These charges involve the proposition that a railway company,

under the laws of this State, is liable for an injury to an animal which may be caused otherwise than by actual contact with the engine or cars, and without fault of the company or its employes, provided its road is not fenced. The statute provides that " Each and every railroad company shall be liable to the owner for the value of all stock killed or injured *by the locomotives and cars of such railroad company in running over* their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road, they shall only then be liable in case of injury resulting from the want of ordinary care." (Rev. Stats., art. 4245.)

This statutory liability is based on an injury caused by locomotives and cars. It certainly was never intended that such a liability should exist even in case of contact between a locomotive or car and an animal if the contact was caused by the movement of the animal while the engine or car was stationary, and to make clear the manner in which the injury must be caused by the locomotive or car, the statute declares that it must be incurred *in running over their respective railways.* This involves the idea of contact between a running engine or car and the animal, and not an injury resulting in some indirect manner from the operation of a railway.

The statute of Indiana provides "That whenever any animal shall be killed or injured by the *cars or locomotive or other carriages* used on any railroad in this State, the owner thereof may sue the railroad company before a justice of the peace." It further directs that on hearing, judgment shall be given in favor of the owner of the animal injured or killed, without regard to whether the injury was the result of willful misconduct or negligence, or the result of unavoidable accident. It also makes the law inapplicable when a railway is securely fenced. Under this statute it has been steadily held that a railway company was not liable for an injury which resulted from an act of the injured animal caused by fright induced by the cars, and not from actual contact between the car, locomotive or other carriage of the railway, and the animal. (Railroad Company v. Hasket, 10 Indiana, 409; Railway Company v. Smith, 58 Indiana, 575.

The statute in Missouri is very similar to that of this State, and under it the ruling has been that "a direct or actual collision was contemplated; that when the agents of the road ran the

locomotives or cars against any animal, and thereby injured it, or in any other manner it was hurt by actual contact or touch, then the company would be responsible for the penalty; otherwise not." (Lafferty v. Railroad Company, 44 Missouri, 291; Croy v. Railway Company, 19 American and English Railway Cases, 608.)

The statute of Illinois provides that, where railways are not fenced, such companies shall be liable for all damages which may be done by "the agents, engines or cars" of such corporations, to cattle, horses or other stock; and under it the ruling has been that the injury must be caused by actual collision—that is, it must have been done by the "agents, engines or cars of defendant, and not merely caused by the act of the animal, induced by fright caused by a train." (Schertz v. Railway Company, 15 Am. and Eng. Ry. Cases, 525.) This seems to us to be the true construction of the statute of this State, and we know of no contrary construction having been placed on a similar statute.

The statute of Kansas imposes a liability for animals killed or wounded "by the engine or cars of such railway, *or in any other manner whatever in operating such railway,*" with a proviso, that the act shall not apply to any company "whose road is inclosed with a good and lawful fence to prevent such animals being on such road."

In construing this statute in Railroad v. Jones (20 Kan., 529) the Supreme Court of that State, placing the liability for an injury not resulting from actual contact, upon the general clause of the statute, said: "The liability is not limited to cases in which the animal is killed or wounded by the engine or cars, which might, perhaps, be construed as referring solely to actual collision—but extends to those cases where the animal is injured 'in any other manner whatever in operating such railway.' This last clause is very broad, and clearly covers a case like the present. Whether the engine struck the mare or not, the injury resulted directly from the operating of the railway.  *  *  *  * Clearly, the train acting upon the animal's sense of fear, and the open space in the bridge are the direct causes of the injury. It results from and occurs in the operating of the road."

The same ruling was made, under the same statute, in a case in which animals were injured by falling through a railway bridge, when they were not induced to go upon the bridge

through fright caused by a moving train. (Railroad Company v. Edwards, 20 Kas., 531.)

The statute of Iowa provides that, "any corporation operating a railway, that fails to fence the same against live stock on all points where such right to fence exists, shall be liable to the owner of any such stock injured or killed by reason of the want of such fence," and in the case of Young v. Railway Company, 44 Iowa, 172, it was held that the company was liable for an injury to animals caused by their falling through the railway's bridge, though there was no collision between the cars and the animals.

In that case it was, in effect, held that the failure to fence the track was the proximate cause of the injury—"that the animals were injured by reason of the want of such fence." The same ruling was made in Kraus v. Railroad Company, 55 Iowa, 338.

The statutes of Kansas and Iowa are so dissimilar to that of this State, that decisions construing them can have no application.

We do not wish to be understood to hold that, in no case could a recovery be had for an injury to animals where there is no collision with a moving engine or car; for cases may occur in which the injury, without collision, may be the proximate result of the negligence of a railway company or its employes, but in such a case the recovery would not be based on the statute, and proof of negligence would have to come from the party alleging it. In the case before us, there is no proof of such negligence.

The charge given and the qualification to the charge asked were such as to mislead the jury and ought not to have been given, and for this reason the judgment of the district court will be reversed and the cause remanded.

It is so ordered.

*Reversed and remanded.*