St. Louis, A. & T. R'y Co. v. Ed. Felton.

(No. 3252.)

Appeal from Hopkins County. Opinion by White, P. J.

Perkins, Gilbert & Perkins, counsel for appellant.

Peteet & Crosby, counsel for appellee.

§ 39. *Damages recoverable under article 4245, Revised Statutes, must be caused by actual contact with locomotive or car; negligence; evidence held insufficient to prove.* This suit was brought for damages under article 4245, Revised Statutes, for injury done to a mare by the "running of said defendant company's locomotive and cars over and against said mare." The evidence shows that the locomotive or cars did not come in contact or collision with, nor touch, the mare, but that she and another horse became frightened at the train, and ran down the track to a small bridge, where she became injured in trying to escape across said bridge. It is shown that the train was running at the rate of twenty-five miles an hour, while the schedule time was only eighteen miles an hour. But it was proven by defendant, without conflict or contradiction; that when a train was behind time it was allowable for it to run at the rate of twenty-five miles an hour. It was further proven, and

not contradicted, that, when the employees running the train saw the danger likely to ensue to the animals, they used all the means at their command to avoid and avert the same, and stopped the train as soon as it was possible for them to do so. In his conclusions of law and fact the court found defendant company liable on account of the gross negligence of its agents and employees, and rendered judgment in favor of plaintiff against said company for $129.50.

In the suit as brought there was no allegation or claim made that the damage was occasioned by the negligence of the parties, the agents and employees. It was simply a suit as above stated, under article 4245, Revised Statutes, for injury done to the animal. It has been held by our supreme court and by this court that said article 4245 does not apply to a case where animals are injured, not by actual collision with a locomotive or car, but through fright caused by a train. [Railway Co. v. Hughes, 68 Tex. 290; 3 Civil Cas. Ct. App., § 224.] If it be contended that in a suit where it is instituted before a justice court, and where the pleadings are ordinarily oral, that a judgment can be had for damages occasioned by negligence when no negligence is alleged, still, in this case, under the facts proven, we are clearly of opinion that negligence has not been proven, and that the conclusion of the judge finding it as the basis of his judgment is not sustained by the evidence, and that his conclusion and the judgment are against the evidence.

December 12, 1889.        Reversed and remanded.