INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. W. P. HUGHES.

No. 7041.

1.   Fact Case—Negligent Killing of a Horse.—See facts tending to show that the mare, value of which is in contention, was killed by a train run by the defendant company, requiring the issue to be submitted to the jury, and sufficient to sustain a verdict against the defendant company for damages for the killing of the mare.

2.   Circumstantial Evidence.—It being disputed whether the mare was killed by the train, it was competent to prove that at the next station, seventeen miles·distant, there was fresh blood, hair, and dung on the engine of a passing train on the day the mare was killed.

APPEAL from Medina.   Tried below before Hon. Thomas M. Paschal.

This is an appeal from a judgment in favor of Hughes and against the appellant for $150, value of a mare killed upon the track of the defendant.   This is a second appeal.   64 Texas, 290.

*Carr & Lewis,* for appellant.—1. The court erred in admitting over objection of defendant the testimony of ·Eli Burch, tending to show there was fresh hair, blood, and manure on an engine on defendant's road at Devine, Texas, eighteen miles from where the injury to plaintiff's mare is alleged to have occurred, on May 8, 1884, because the evidence was incompetent, irrelevant, and immaterial, and was too remote, there being no evidence showing or tending to show that the engine described by the witness is the same engine that is alleged to have injured plaintiff's mare.   City of Galveston v. Barbour, 62 Texas, 172; Railway v. Eubanks, 3 S. W. Rep. (Ark.), 813; Parker v. Publishing Co., 69 Me., 173; Same Case, 31 Am. Rep., 262.

2.   A railway company is not liable under the statute for an injury to an animal caused by the animal running on the track through fright at the train and being injured on a trestle, and not by contact with the locomotive or cars.   Rev. Stats., art. 4245; Railway v. Hughes, 68 Texas, 290.

No brief for appellee reached the Reporter.

GAINES, Associate Justice.—This action was originally brought in a Justice Court by appellee to recover of appellant the value of a mare claimed to have been killed by a train of the defendant company. The case was appealed to the District Court, in which the plaintiff has recovered two judgments. The first judgment in the latter court was reversed, upon appeal to this court for error in the instructions given by the trial judge. It was held that the court should have charged the jury in effect that the plaintiff was not entitled to recover unless the animal was killed by reason of its being struck by the locomotive of the defendant. Railway v. Hughes, 68 Texas, 290.

Upon the trial which resulted in the judgment from which this appeal is taken a witness for the plaintiff testified that he saw the mare with other horses running along the company's track in front of a train; that when it got within about seventy-five yards of the mare she fell through the trestle; that being on front he could not tell whether the engine struck her or not, and that the engine may have been six or eight feet behind the mare when she fell into the trestle. He also testified that when he reached a point about fifty yards from where the mare was lying he "saw the engine back four or six feet, so that the train men could roll the mare off the track into the mud and water below," and "that the train had to back so that they could get the mare off the track; the pilot of the engine was partially covering the mare when they backed off;" and also that he could not swear that he saw the engine strike the mare, but that she was partially under the pilot and that they had to back the train to get her out. This occurred on the morning of the 8th of May, 1884, about three miles west of Medina Station. The train was a freight going west.

Another witness testified that he was at Devine on that morning and saw a freight train arrive running west, and that he saw fresh blood, dung, and hair upon the cowcatcher. Devine is about sixteen or eighteen miles west of the place of the accident, and it takes a freight train usually about an hour to run the distance. This testimony was objected to, and its admission is assigned as error.

One Goodwin testified, for the defendant, that he was on the train and first saw the mare about eight feet in front of the engine, and that she fell through and broke her leg. He did not know whether the train backed off the mare or not. He seems to have been a passenger.

The conductor of the train also testified for the company as follows: "The train was stopped about fifteen or twenty feet from a small bridge or culvert. On the bridge, about the middle, was the mare with her body and her legs hanging through. The train was not backed."

The fireman also testified, for the defendant, that "the colt had tried to cross the trestle but had fallen over down into the creek, while the

mare had fallen down upon the ties, her legs hanging down between them. We noticed that one of her forelegs was broken. The pilot of the engine did not strike the mare at all. When the engine stopped the pilot was not within ten feet of the place where the animal was lying.''

The objection to the testimony of the witness who saw the blood and hair upon the cowcatcher was that it was irrelevant and too remote. In this proposition we do not concur. There could be but little doubt that the train which the witness saw was the same train which was at the trestle when the mare was killed. The fact that there was fresh blood, dung, and hair upon the cowcatcher tended very strongly to show that the engine had struck the mare. This was the real issue in the case.

It is also complained that the testimony tending to show that the mare was fatally injured by the collision with the engine was not sufficient to support the verdict in that particular, and that therefore the court erred in refusing to grant the motion for a new trial upon that ground. We think, however, the evidence as to blood and hair having been found upon the cowcatcher upon an engine which must have passed the trestle on the morning of the 8th of May, 1884, going in the same direction in which the train was going which reached the trestle at the time of the injury, was sufficient to justify the inference, when taken in connection with the testimony of the plaintiff's principal witness, that the engine had struck the animal. If the jury believed this they must have discredited the witnesses of defendant who testified to the effect that the engine did not touch the mare; still it was necessary to show that the train caused the injury and that the mare was not fatally wounded by falling upon the trestle before the engine struck her. It required something more than a mere scintilla of evidence to establish this. The testimony was in our opinion more than a scintilla of proof, and though slight we can not say it was not sufficient to sustain the verdict.

The judgment is therefore affirmed.

*Affirmed.*

Delivered May 26, 1891.