MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. ANTON HANACIK.

Decided April 26, 1900.

**Railway Company—Liability for Stock Killed on Fenced Right of Way.**

Where a railway company has fenced its right of way as required by the statute, and has, upon the demand of one through whose farm the road passes, placed gates in the fence for his benefit, and the stock of a third person, through such gates being left open, enter upon the right of way and are killed by a train, the company can not, since it is not chargeable with the duty of keeping the gates closed, be held liable without proof of negligence on its part which was the proximate cause of the stock being killed. Rev. Stats., art. 4528.

Appeal from the County Court of Fayette. Tried below before Hon. Joseph Ehlinger.

*W. S. Holman,* for appellant.

*C. E. Lane,* for appellee.

PLEASANTS, Associate Justice.—Appellee brought this suit to recover of appellant the value of a horse and a mule, alleged to have been killed by a train on appellant's railway. The facts show that appellant's railroad runs through the farm of J. C. Brown in Fayette County, and, in compliance with the statute and for the accommodation of said Brown, the appellant had constructed a crossing over its railroad connecting the portions of said farm severed by said railroad, and had made openings by placing gates in the fence inclosing its right of way on each side of said right of way opposite said crossing. Appellee was a tenant of said Brown, but never used said gates, and same were not erected for his benefit. The animals in question were placed by appellee in an inclosure adjoining said farm, and escaping therefrom entered said farm, and through one of said gates, which had been negligently left open by some one, got on the track of appellant's railway and were killed by one of its passing trains. Upon this statement of the facts this court certified to the Supreme Court the question whether or not the appellee would be entitled to recover the value of said animals without proof of negligence on the part of appellant, which was the proximate cause of the killing of said animals.

This question has been answered by the Supreme Court in the negative. Railway v. Hanacik, 93 Texas, 446. The trial court in its charge to the jury, after properly instructing them as to the duty of the owner of said farm and his employes and tenants for whose benefit said gates were erected, to keep said gates closed, further instructed them as follows: "But if it be shown to your satisfaction that the plaintiff Anton Hanacik is a tenant of J. C. Brown; that he is in no wise or manner interested in said crossing where his animals were killed; that such crossings were provided with good and substantial and convenient gates or passageways, and that the plaintiff had no interest in or control of said gates and crossings, then as between him and the defendant railway company the rule is different, and it devolves upon the defendant railway company to keep said gates closed, so far as plaintiff is concerned, or construct open crossings over said right of way with proper cattle guards."

Appellant's fifth assignment of error attacks this charge as being an erroneous statement of the law, and in accordance with the opinion of the Supreme Court in answer to the certified question before referred to, we must hold that the assignment should be sustained. The Supreme Court having decided that the erection of a sufficient fence along its right of way, and placing gates therein for the accom-

modation of land owners through whose inclosures its road may run, is sufficient compliance with the statute to entitle appellant to the protection given it by article 4528 of the Revised Statutes, we think it follows that it is not appellant's duty to keep said gates closed. To hold otherwise would, in our opinion, place upon appellant an unreasonable and unjust burden.

We do not think the stipulation in the deed by which appellant secured title to its right of way through the farm of said Brown in any way changes its obligation as to maintaining the crossing in question, from that fixed by the statute, and if we concede that appellee could avail himself of any implied contract arising from said deed, it in no way affects appellant's liability under the facts of this case. The other matters complained of by appellant in its several assignments, if erroneous, are not such errors as will likely occur on another trial, and we deem it unnecessary to consider them.

For the error in the charge before pointed out, the judgment of the lower court will be reversed and this cause remanded for a new trial.

*Reversed and remanded.*