TEXAS & PACIFIC RAILWAY COMPANY v. S. B. SPROLES.

Decided October 24, 1907.

1.—Railway—Fences and Cattle Guards—Repair.

It is the duty of a railroad company, and not the duty of the owner of the land, nor of one asserting his right—a tenant pasturing stock on it— to keep its right of way fence and cattle guards in such repair as to prevent stock of the ordinary kind from entering on its track.

2.—Same—Negligence—Notice.

If the railway company's duty to repair arises only on discovery of de-

fects in its fences, a finding that it was negligent in failing to repair would involve a finding of its knowledge.

### 3.—Killing Stock—Contributory Negligence.

The owner of stock killed by trains upon a fenced railroad is not guilty of contributory negligence in turning them into his own pasture though he knew the fencing of the railway to be defective.

Appeal from the County Court of Red River County. Tried below before Hon. J. M. Deaver.

*Kennedy & Robbins,* for appellant.—Where the railway track divides an inclosure and private openings have been left in the right of way fence, as required by law, for the convenience of the owner of such inclosure, in order to give him passageway to both sides of such inclosure and such owner accepts and is satisfied with the opening as made, then the railway company rests under no greater duty than the exercise of ordinary care in operating its trains to prevent injury to stock that may go upon its track through such opening. Sayles Texas Civil Statutes, arts. 4528, 4427, 4431; Missouri, K. & T. Ry. Co. v. Hanacek, 93 Texas, 446; International & G. N. Ry. Co. v. Erwin, 67 S. W. Rep., 466; Houston & T. C. Ry. Co. v. Hollingsworth, 29 Texas Civ. App., 306; Gulf, C. & S. F. Ry. Co. v. Mitchell, 18 Texas Civ. App., 380; St. Louis & S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 231; Missouri, K. & T. Ry. Co. v. Johnson, 39 S. W. Rep., 323 (writ of error refused); Missouri, K. & T. Ry. Co. v. Baker, 90 S. W. Rep., 869-870; Missouri, K. & T. Ry. Co. v. Chenault, 24 Texas Civ. App., 481; Texas & P. Ry. Co. v. Glenn, 8 Texas Civ. App., 301; Texas & P. Ry. Co. v. Huffman, 71 S. W. Rep., 779; Louisville, N. A. & C. Ry. Co. v. Etzler, 119 Ind., 39; 21 N. E. 466.

The duty of keeping gates closed or of preventing his stock from passing from his inclosure to the open crossing and from thence onto the railroad tracks rests on the owner and those claiming an interest or privilege in such inclosure by the consent or authority of such owner. Missouri, K. & T. Ry. Co. v. Hanacek, 93 Texas, 448-451; International & G. N. Ry. Co. v. Erwin, 67 S. W. Rep., 466; Texas & Pacific Ry. Co. v. Glenn, 8 Texas Civ. App., 301; Wabash Ry. Co. v. Williamson, 104 Ind., 154; 3 N. E., 814; Evansville & T. H. Ry. Co. v. Mosier, 17 N. E., 109; Bond v. Evansville & T. H. Ry. Co., 100 Ind., 301.

Before the company can be charged with negligence for failing to keep and maintain such cattle guards it must have knowledge or information that the cattle guard so erected is insufficient for that purpose or that it has thereafter become so out of repair that it is insufficient for that purpose. Fitterling v. Missouri Pac. Ry. Co., 79 Mo., 504; Vinyard v. St. Louis, I. M. & S. Ry. Co., 80 Mo., 92; Clardy v. St. Louis, I. M. & S. Ry. Co., 7 A. & E. R. R. Cases, 555; Dunn v. Chicago & N. W. Ry. Co., 7 A. & E. R. R. Cases, 573; Grand Rapids & I. Ry. Co. v. Monroe, 47 Mich., 152; 10 N. W., 179; Shearman & Redfield on Neg., secs. 424-425, and cases cited.

When one, by his own negligence, contributes to his injury or the injury of his property, damages therefor can not be recovered. Ft. Worth & D. C. Ry. Co. v. Roberts, 83 S. W. Rep., 250; Texas & P. Ry. Co. v. Owens, 36 Texas Civ. App., 54; Texas & P. Ry. Co. v. Huffman, 71 S W. Rep., 779; Martin v. Stewart, 73 Wis., 553; 41 N. W. Rep., 538; Polcr v. New York Cent. R. R. Co., 16 N. Y., 476, 481; Chicago, B. & Q. Ry. Co. v. Seirer, 60 Ill., 295; Knight v. Toledo Ect. R. Co., 24 Ind., 402; Spearman & Redfield on Neg., sec. 450, and cases there cited; Beach on Contributory Neg., sec. 223, and cases there cited.

*Chambers & Chambers,* for appellee.—Appellant having elected to put in the open crossing, it became its duty to keep the same in repair, and a failure to do so would be negligence on the part of the railway company, and if by reason thereof the appellee's mule was killed, then the appellant company would be liable. Houston & G. N. R. R. Co. v. Meador, 50 Texas, 79; Gulf, C. & S. F. Ry. Co. v. Gill, 5 Texas Civ App., 496; Gulf, C. & S. F. Ry. Co. v. Rowland, 70 Texas, 301.

If the stock guard was so constructed as to permit stock to pass over it, then it was not fenced, and it was the duty of appellant to see that the stock guards and crossings were kept in repair sufficient to turn stock. Rev. Stats., art. 4527; Houston, E. & W. T. Ry. Co. v. Adams, 63 Texas, 200; International & G. N. Ry. Co. v. Searight, 8 Texas Civ App., 593; San Antonio & A. P. Ry. Co. v. Peterson, 8 Texas Civ. App., 367; St. Louis & S. W. Ry. Co. v. Blackwell, 40 S. W. Rep., 860.

WILLSON, CHIEF JUSTICE.—Appellant's line of railway ran nearly east and west through one Baker's farm in Red River County, and its right of way was fenced. On the south side of its track and fence was Baker's pasture of 200 or 300 acres, and on the north side was cultivated land forming a part of his farm. For Baker's convenience in getting to and from the parts of his farm situated on opposite sides of the railway, appellant had constructed a crossing over its roadbed, and in its fence constructed along the south side of its right of way had made or left an opening into the pasture. This opening into the pasture was reached from the north side of the railway through a lane, which extended across appellant's roadbed over the crossing; so that people and animals could pass from the part of the farm in cultivation, through the lane, across the railroad, and through the opening in appellant's fence into Baker's pasture. On each side of the crossing over its roadbed appellant had constructed a cattle guard, consisting of steel or iron plates on which sharpened iron spikes had been set, so placed between and on each side of the rails as to make a connection with the wings of the right of way fence. The guard on the east of the crossing had not, it seems from the evidence, been so constructed as to always turn stock, and a row of the iron spikes had become so bent as to further impair its efficiency. Appellee was Baker's tenant, and with his consent used the pasture referred to. Otherwise he

had nothing to do with nor any control over the crossing. On the evening of January 17, 1907, appellee turned his mule into the pasture, and during the night it crossed over the cattle guard on the east side of the crossing on to appellant's right of way and roadbed and was killed by one of appellant's trains going east down a heavy grade. On other occasions, before he turned his mule into the pasture on this occasion, appellee had seen that animal and others pass over this cattle guard, and knew it was insufficient to effectually turn such stock. He had not called appellant's attention to its condition, and the fact that appellant's section gang passed over it every day furnishes the only evidence in the record of notice to appellant of the condition of the guard.

Appellee brought his suit in the Justice's Court, where he recovered a judgment against appellant for the sum of $125 as the value of the mule. On appellant's appeal to the County Court, appellee again recovered a judgment, but for the sum of $145. From this latter judgment the railway company prosecutes this appeal.

The trial in the County Court was before the judge without a jury, and the court's finding of fact and law forms a part of the record on this appeal.

Appellant insists that, as the crossing was made for the convenience of the owner of the land, it was his duty and the duty of one asserting his rights, to keep the cattle guard forming a part of same in repair, and to keep his stock from passing from such crossing on to its inclosed roadbed and track. As a consequence of this duty claimed to rest on the owner of the land and on one asserting his rights, appellant further insists that the burden to show that his mule was killed as the result of its negligence in the operation of its train devolved upon appellee.

We can not assent to this view of the law. It is, we think, the duty of the railway company, and not the duty of the owner of the land, nor of one asserting his rights, to keep its right of way fence in such repair as effectually to turn stock of ordinary habits under ordinary circumstances. By the provision of the statute (Sayles Stat., art. 4528), to escape the absolute liability it declares in favor of the owner for the value of stock killed by its locomotives and cars, a railway company in the given case must show that it had its road "fenced in"—that is, inclosed in such a way as, at least under ordinary circumstances, to effectually prevent stock of the ordinary kind from entering upon its roadbed and tracks. The obvious purpose of the law would not be accomplished if it should be held that a railroad company had fully discharged its duty under it when it had so "fenced in" its road. To accomplish that purpose the statute must be so construed as to make it the duty of the railway company not only to so "fence in" its road, but after it has done so, to keep it so "fenced in."

The authorities relied upon by appellant to support its view of the law, we think do not go so far. The only point determined by the Supreme Court on the question certified to it in Missouri, K. & T. Ry. Co. v. Hanacek (93 Texas, 446), was that under the facts stated the railway was "fenced" within the meaning of the

law. The question as to the duty to repair, when a fence constructed in compliance with law became defective, was not referred to, and the court declined to express an opinion as to whether the duty to keep closed gates constructed for the convenience of the owner rested on him or on the railway company. On the return to it of the Supreme Court's answer to its certified question, the Court of Civil Appeals in the same case held that on the facts presented it was not the duty of the railroad company to keep the gates closed. (56 S. W. Rep., 938.) The same ruling on similar facts has been repeatedly made by the Courts of Civil Appeals. (International & G. N. Ry. Co. v. Erwin, 67 S. W. Rep., 466; Missouri, K. & T. Ry. Co. v. Johnson, 39 S. W. Rep., 323; Texas & Pac. Ry. Co. v. Glenn, 8 Texas Civ. App., 301.) We are not satisfied with the reasoning upon which the decisions cited, and others of a like nature, rest, and are inclined to doubt the correctness of the rule they announce. In passing upon the question now before us, however, it is not necessary that we should express an opinion. So far as we are advised, no court in this State has held that, when a railroad has fenced its track and constructed a crossing over it for the convenience of the owner of the land over which it passes, it is thereafterwards the duty of the owner of the land to keep in repair cattle guards forming a part of such crossing. Whatever force there may be in the reasoning which has been held to require that the owner of the land should keep closed gates constructed for his use, to our minds such reasoning is without force when appealed to in support of the contention that the owner of the land should keep in repair cattle guards constructed by a railway company— for his convenience, it is true, but in compliance with a require ment of the law. That the duty to make such repairs rests on the railroad company and not on the owner of the land, we think finds sufficient support in Texas & St. L. Ry. Co. v. Young, 60 Texas, 201; Houston, E. & W. T. Ry. Co. v. Adams, 63 Texas, 207; San Antonio & A. P. Ry. Co. v. Knoepfli, 82 Texas, 270; and St. Louis S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 231.

The trial court found that the cattle guard was not sufficient to turn stock and keep same off of appellant's track, and that this condition of the guard was due to appellant's negligence in failing to keep it in repair. This finding of negligence on the part of appellant we think should be held to include a finding that appellant had notice of the condition of the guard, if such finding be necessary to support the judgment and if evidence to support it can be found in the record. We think there is such evidence. It therefore is not necessary that we should determine the correctness of appellant's contention that, if the duty of keeping the cattle guard in repair rested upon it, it would only be when and after notice of the fact that the guard was out of repair was brought home to it. There are cases which seem to hold that under our statute, when a railway company has once "fenced in" its track, its responsibility afterwards is only to use ordinary care to keep it in repair. (Gulf, C. & S. F. Ry. Co. v. Cash, 8 Texas Civ. App., 569; International & G. N. Ry. Co. v. Erwin, 67 S. W. Rep., 466.) If such is the law, as indi-

cated above we think its requirements were in this case met by the court's finding that appellant was guilty of negligence.

We do not think there is merit in appellant's contention that if it was not without fault and otherwise might be liable to appellee, it was not liable to him in this instance because he, in turning his mule into the pasture, knowing the defective condition of the guard and the probability that his mule would go over it and on to its right of way and roadbed and there be injured by passing trains, was guilty of such contributory negligence as deprived him of a right to complain. (Gulf, C. & S. F. Ry. Co. v. Cash, 8 Texas Civ. App., 569.) Assuming, as we are inclined to think we may, that under our statute contributory negligence on the plaintiff's part can be urged to defeat a recovery by him, we do not think the evidence in this case sufficient to raise such an issue

The judgment is affirmed.

*Affirmed.*