### INTERNATIONAL & G. N. R. CO. v. HOLLEY.

(Court of Civil Appeals of Texas. Austin. Nov. 5, 1913.)

1. RAILROADS (§ 443*)—INJURIES TO ANIMALS ON TRACK—SUFFICIENCY OF EVIDENCE.

In an action against a railroad for killing two horses, evidence merely that the horses were found dead by the track was insufficient to show negligence of the railroad.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

2. RAILROADS (§ 414*)—INJURIES TO ANIMALS ON TRACK—PROXIMATE CAUSE.

Where, in an action against a railroad for killing two horses, the evidence showed that they got upon the track and ran upon a trestle, and were killed by falling therefrom, plaintiff could not recover.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1474, 1475; Dec. Dig. § 414.*]

Appeal from Leon County Court; W. D. Lacey, Judge.

Action by D. M. Holley against the International & Great Northern Railroad Company. Judgment for plaintiff; defendant appeals. Judgment reversed, and rendered for defendant.

Wilson, Dabney & King and Geo. A. Hill, Jr., all of Houston, for appellant.

JENKINS, J. [1] Appellee brought this suit to recover damages for the value of two horses alleged to have been killed by being run over by the cars of appellant. The evidence shows that the horses were killed within the switch limits of the town of Oakwood. Upon the part of appellee the evidence goes only to the extent of proving that the horses were found dead by the side of a trestle. Neither the appellee nor any of his witnesses saw the horses killed. This evidence is insufficient to show that the horses were killed by reason of the negligence of appellant. Railway Company v. Blankenbecker, 13 Tex. Civ. App. 249, 35 S. W. 333; Railway Co. v. Anson, 101 Tex. 198, 105 S. W. 990.

[2] Appellant's witnesses, the engineer and fireman, testified that the horses got upon the track and ran upon the trestle, one of them falling off and being killed by the fall, and the other one getting tangled in the trestlework, and that they got him out and that he was killed by the fall. According to their testimony, the engine did not strike one of the horses at all, and was stopped as it ran

against the other, but did not run over him or seriously injure him. This testimony is uncontradicted, and under it the appellee was not entitled to recover. Padgitt v. Railway Co., 90 S. W. 67; Railway Co. v. Tamborello, 67 S. W. 926; Railway Co. v. Hughes, 68 Tex. 291, 4 S. W. 492.

The case seems to have been fully developed; and, under the testimony, the court should have peremptorily instructed the jury, as it was requested to do, to return a verdict for the defendant.

For the reasons above stated, the judgment of the trial court is reversed, and here rendered for appellant.

Reversed and rendered.