QUANAH, A. & P. RY. CO. v. PRICE. (No. 1125.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1917.)

1. TRIAL ☞253(3) — ANIMALS ON RAILROAD TRACKS—INSTRUCTION—IGNORING ISSUES.

In an action for value of a horse killed on defendant railroad's right of way, an instruction to find for defendant if jury should find that the railway company allowed its fence to get in such a defective condition that it would not turn ordinary stock, and that plaintiff's horse entered the right of way, and, becoming frightened at the approach of defendant's cars, ran into and upon the bridge, and was thereby injured, was erroneous; as it did not require a finding that such acts were negligent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 616.]

2. TRIAL ☞253(3)—INSTRUCTIONS—PROVINCE OF JURY—NEGLIGENCE.

Whether certain facts constitute negligence is for the determination of the jury, except in exceptional cases, where a duty is imposed by statute, etc., and it is error for the court to instruct a finding for a party in an action based on negligence upon a mere finding of the existence of the act alleged as negligence, without a further finding on the part of the jury that such acts constitute negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 616.]

3. RAILROADS ☞411(10½) — ANIMALS ON TRACKS—CAUSE OF INJURY—STATUTE.

Under Rev. St. art. 6603, providing that, unless a railway company fence its right of way, it shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, recovery cannot be had unless the injuries result from actual contact with the running cars or locomotives of the railway company.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1427, 1428.]

4. RAILROADS ☞411(10½) — ANIMALS ON TRACKS—CAUSE OF INJURY.

While recovery might be had for injury to an animal on a railroad track where there is no collision with a running engine or car if the injury was the proximate result of the railroad's negligence, recovery in such case would not be based on Rev. St. art. 6603, and the same rules would apply as in any other case of nonstatutory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1427, 1428.]

5. RAILROADS ⊂⇒447(1)—ANIMALS ON TRACKS — ACTIONS — INSTRUCTION — MEASURE OF DAMAGES.

The court should have submitted a charge on the measure of damages requiring the verdict of the jury to assess the amount.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1642, 1644.]

6. RAILROADS ⊂⇒447(1) — INJURY TO STOCK ON TRACK — INSTRUCTIONS — ATTORNEY'S FEES.

Under Rev. St. art. 2178, allowing recovery of attorney's fees in an action on a bona fide claim for stock killed, the court should require that the verdict determine the facts as to whether the attorney's fees were recoverable and what would be a reasonable amount.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1642, 1644.]

7. RAILROADS ⊂⇒441(1)—INJURY TO ANIMALS —ATTORNEY'S FEES—STATUTES—PROOF.

Under Rev. St. art. 2178, a plaintiff must offer evidence of facts authorizing recovery of attorney's fees and as to what would be a reasonable attorney's fee under the circumstances.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1577, 1582, 1593–1595.]

8. EVIDENCE ⊂⇒18 — JUDICIAL NOTICE — REASONABLE FEE.

The court and the jury do not judicially know what would be a reasonable attorney's fee under Rev. St. art. 2178.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22.]

9. RAILROADS ⊂⇒422—ANIMALS ON TRACKS— ACTIONS—CONTRIBUTORY NEGLIGENCE.

Although plaintiff knew of the defective condition of the gates and fences to the defendant railroad's right of way when he turned his horse out to graze, he could not be said to be negligent so as to be precluded from recovering if he would otherwise be entitled to recover damages.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1512–1515.]

10. RAILROADS ⊂⇒270—ANIMALS ON TRACKS —ACTIONS—EVIDENCE—BURDEN OF PROOF.

It would be presumed that all cars operated on defendant's line of road were operated by it, and if defendant's liability is predicated upon the acts of any one operating any such cars, the burden would be upon the defendant to show that such persons were operating the car without the consent of the defendant before it would be exonerated from liability for the acts of such parties.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 865.]

Appeal from Cottle County Court; W. O. Jones, Judge.

Action by J. H. Price against the Quanah, Acme & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

D. E. Decker, of Quanah, and Hawkins & Sneed, of Paducah, for appellant. Arrington & Renfro, of Paducah, for appellee.

BOYCE, J. Suit was brought by appellant, Price, to recover of the Quanah, Acme & Pacific Railway Company the value of a horse, together with attorney's fees for the prosecution of the suit, alleged to have been killed on the right of way of the defendant. This appeal is from a judgment of the county court of Cottle county for $125, the value of the horse, and $20 attorney's fees.

The testimony tends to show that appellant let its right of way fence and a gate through the same get out of repair, and that plaintiff's horse, with other animals, entered the right of way through the open gate, grazed down the track for some distance, and then ran as if frightened some distance along the track to a bridge, where some of the animals turned aside, and the plaintiff's horse ran onto the bridge, breaking its leg, and falling therefrom, resulting in its death. This occurred in the nighttime, and no witness was produced who saw the occurrence. It was shown that several motorcars passed over defendant's track during the night, and that one of these stopped at the bridge, and that loud talking was heard from the party. The evidence did not show whether the horse was struck by a motorcar or not.

[1] The court instructed the jury to find for the plaintiff if it should find that the railway company allowed its fence to get in a defective condition such as that it would not turn ordinary stock, and that plaintiff's horse entered the right of way, and, becoming frightened at the approach of defendant's cars, ran into and upon the bridge, and was thereby injured. It will be noted that this charge does not require a finding that such acts were negligent before authorizing a finding for plaintiff, and we think this was error.

[2] Whether certain facts constitute negligence is for the determination of the jury, except in exceptional cases, where a duty is imposed by statute, etc., and it is error for the court to instruct a finding for a party in an action based on negligence upon a mere finding of the existence of the act alleged as negligence, without a further finding on the part of the jury that such act constitutes negligence. Michie's Digest, vol. 13, p. 333 et seq.

[3] Appellee contends that the case comes within the terms of article 6603, Revised Statutes, which provides that, unless a railway company fence its right of way, it "shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways." It has been held that, unless the injuries result from actual contact with the running cars or locomotives of the railway company, recovery cannot be had under the statute; the reason for this being obvious from a reading of the statute itself. Railway Company v. Hughes, 68 Tex. 290, 4 S. W. 492; I. & G. N. Railway Co. v. Dixon, 49 Tex. Civ. App. 506, 109 S. W. 978; S. A. & A. P. Railway Co. v. Harrison, 146 S. W. 596; G., C. & S. F. Ry. Co. v. Benaist, 122 S. W. 587.

[4] These cases recognize that, where there is no collision with a running engine or car, recovery might be had if the injury was the

proximate result of some negligent act of the defendant, but, as stated by the Supreme Court in the case of I. & G. N. Ry. Co. v. Hughes, supra, "In such a case the recovery would not be based on the statute," and the same rules would apply as in any other case of nonstatutory negligence. The evidence tended very strongly to show that there was no actual contact between any car and the horse, and the court's charge made no distinction as to liability in such cases. If it should be found upon another trial that the injury to the horse was caused by a collision with a moving car operated by the defendant, a recovery would be authorized upon the mere showing that the railway company allowed its gate or fence to get out of repair and the horse thus obtained ingress to the right of way; but, if the injury was the result of the animal running on the bridge and falling therefrom, without actual contact with the cars, then it should be submitted to the jury as a question of fact as to whether the acts relied upon by the plaintiff to justify recovery constituted negligence.

[5, 6] The court submitted to the jury a charge on the liability of the defendant, which did not contain any charge on the measure of damages nor require a finding of the jury assessing the damages. The jury returned a verdict "for the plaintiff." The court on this verdict entered judgment for $125, the alleged value of the horse killed, and $20 attorney's fees. The court should have submitted a charge on the measure of damages and required the verdict of the jury to have assessed the same, and should also have required that the verdict determine the facts as to whether the attorney's fees were recoverable and what would be a reasonable amount.

[7] The plaintiff before he would be entitled to recover attorney's fees, would be required to offer evidence of the facts that would authorize recovery of attorney's fees under the provision of article 2178 of the Revised Statutes, and should also offer some evidence as to what would be a reasonable attorney's fee under the circumstances.

[8] The court and the jury do not judicially know what would be a reasonable fee, and the statute does not fix this further than naming the maximum amount recoverable.

[9] We do not think that the fact that plaintiff knew of the defective condition of the gates and fences to the right of way when he turned his horse out to graze could be said to be guilty of contributory negligence that would preclude him from recovering if he would otherwise be entitled to recover damages. Railway Co. v. Sproles, 47 Tex. Civ. App. 294, 105 S. W. 521; Railway Co. v. Hickox, 103 S. W. 202; Railway Co. v. Attaway, 180 S. W. 1151.

[10] It would be presumed that all cars operated on defendant's line of road were operated by it, and if defendant's liability is predicated upon the acts of any one operating any such cars, the burden would be upon the defendant to show that such persons were operating the car without the consent of the defendant before it would be exonerated from liability for the acts of such parties. Railway Co. v. Porter, 166 S. W. 37. We say this in the event an issue should be made on another trial as to any liability founded on the acts of those operating the car in going to Paducah to attend the Masonic lodge meeting; the defendant alleging that such persons were acting without the knowledge or consent of the defendant in the use of its car.

Reversed and remanded.